UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICIA HERRERO, et al.                          CIVIL ACTION

VERSUS                                            CASE NO. 15-2162

SEARS, ROEBUCK AND CO., et al.                    SECTION: "G"(1)

ORDER

Before the Court is Plaintiffs Patricia Herrero, Kristen Herrero Ortez, and Esperanza Herrero's (collectively, "Plaintiffs") Motion to Remand.[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion.

I. Background

A.    Factual Background

This lawsuit arises out of an accident that occurred on July 6, 2014 in which Plaintiffs Patricia Herrero, Kristen Herrero Ortez, and Esperanza Herrero sustained injuries while traveling on Belle Chasse Highway in Gretna, Louisiana, when the left rear tire of their vehicle flew off, causing the driver, Patricia Herrero, to lose control.[2] One week prior, on June 30, 2014, Patricia Herrero had taken her Toyota Avalon to the Sears Auto Center on the Westbank expressway in Gretna to have all four tires replaced.[3] Plaintiffs, who are all allegedly domiciled in Louisiana, claim that an unknown service technician, allegedly domiciled in Louisiana and sued as "John Doe," negligently performed the tire replacement by attaching the tire that fell off with just one lug and

---

[1] Rec. Doc. 7.

[2] Rec. Doc. 7-1 at p. 2.

[3] *Id.*

1

the three remaining tires with four lugs each instead of the required five per tire.[4] Defendant Josh Achee ("Achee"), allegedly domiciled in Louisiana, was the manager of the Sears Auto Center in Gretna.[5] Defendant Sears, Roebuck and Co. ("Sears") is allegedly incorporated in New York and has its principal place of business in Illinois.[6]

## B.    Procedural Background

Plaintiffs filed this lawsuit on February 12, 2015 in the 24th Judicial District Court for the Parish of St. Bernard, Louisiana.[7] In the Petition, Plaintiffs bring claims of negligence against all Defendants, including claims of negligent hiring, failure to supervise, and failure to train the technicians performing work on the vehicle.[8] On June 16, 2015, Defendant Sears alone removed the case to federal district court, alleging that Achee was improperly joined in order to defeat federal subject matter jurisdiction and that, without Achee, the Court could exercise diversity jurisdiction over the case.[9]

Plaintiffs filed a motion to remand on August 12, 2015 arguing that Achee was a proper defendant,[10] and Sears filed a memorandum in opposition on August 25, 2015.[11] Plaintiffs then filed

---

[4] *Id.*

[5] Rec. Doc. 1-2 at p. 1.

[6] *Id.*

[7] Rec. Doc. 1-2.

[8] *Id.*

[9] Rec. Doc. 1 at p. 3.

[10] Rec Doc. 7.

[11] Rec. Doc. 8.

a reply brief in support of their motion to remand on September 3, 2015,[12] and Sears filed a sur-reply on September 8, 2015.[13] In reviewing the parties' submissions, and triggered by an argument made by Plaintiffs in their Motion to Remand, the Court became aware that, regardless of how it ruled on the improper joinder issue, there remained in the case a John Doe defendant who, upon information and belief, Plaintiffs averred would destroy diversity once his citizenship was revealed.[14]

Federal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*."[15] Therefore, on September 21, 2015, the Court held a telephone conference with the parties to inquire about the concerns raised by Plaintiffs about the identity of the John Doe.[16] At the conference, counsel for Sears disclosed that the John Doe's citizenship would in fact destroy diversity.[17] In the interest of judicial economy, because even if Sears prevailed in defeating the pending Motion to Remand, the Court would immediately be asked to reconsider remand, the Court on September 22, 2015 ordered additional briefing on the issue of whether the Court could retain federal jurisdiction once a John Doe defendant's identity has been revealed and if that defendant destroys diversity.[18] The Court specifically asked Sears to address why two Fifth Circuit opinions,

---

[12] Rec. Doc. 11.

[13] Rec. Doc. 14.

[14] *See* Rec. Doc. 17. Specifically, Plaintiffs had asserted in their Motion to Remand that, although they had not yet been able to identify the allegedly negligent mechanic, "[i]t is likely that this mechanic will also be domiciled in Louisiana." Rec. Doc. 7-1 at p. 12.

[15] *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

[16] Rec. Doc. 16.

[17] Rec. Doc. 17.

[18] *Id.*

*Doleac ex rel. Doleac v. Michalson* and *Cobb v. Delta Exports, Inc.*, did not control on the issue.[19]

On September 28, 2015, Plaintiffs filed a motion for leave to file an amended petition substituting the name of service technician Ronald Hartley ("Hartley") for the John Doe defendant.[20] Also on September 28, and pursuant to the Court's order, Sears filed a memorandum briefing the Court regarding whether the John Doe defendant could destroy diversity after removal.[21] On October 5, 2015, Plaintiffs filed a memorandum in response to Sears' memorandum.[22] On October 20, 2015, the Court granted Plaintiffs' motion to amend their complaint.[23]

## II. Parties' Arguments

**B.      Sears' Memorandum in Opposition to Remand**

In its "Brief in Response to the Court's September 21, 2015 Order," Sears argues that diversity jurisdiction is determined at the time of removal under *Strawbridge v. Curtiss*'s "complete diversity" rule, as affirmed by the Fifth Circuit in *Doddy v. Oxy USA, Inc.*[24] Sears also cites the removal statute, 28 U.S.C. § 1441(b)(1), which states that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."[25]

---

[19] *Id.* at p. 2 (citing *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470 (5th Cir. 2001) and *Cobb v. Delta Exports, Inc.*, 186 F.3d 675 (5th Cir. 1999)).

[20] Rec. Doc. 18.

[21] Rec. Doc. 20.

[22] Rec. Doc. 21.

[23] Rec. Doc. 22.

[24] Rec. Doc. 20 at pp. 4–5 (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996)).

[25] *Id.* at p. 5.

4

Sears argues that in *Doleac ex rel. Doleac v. Michalson*, the Fifth Circuit held that a district court "*may*, if it permits an amendment of the complaint to substitute the identity of a fictitious defendant . . ." consider the post-removal change in parties in determining whether diversity jurisdiction has been destroyed.[26] According to Sears, in *Doleac*, the Fifth Circuit remanded a case where the plaintiff initially sued four John Does that she believed to be non-diverse.[27] Sears states that in *Doleac*, the plaintiff moved to remand seven months after she filed her complaint and after moving to amend the complaint to add a named, non-diverse defendant.[28] *Doleac* is distinguishable for reasons of both timeliness and judicial scrutiny, according to Sears, because the plaintiffs in that case put forth reasonable discovery efforts while also amending their complaint to name the "John Doe" defendants without filing a motion for leave to file.[29] Furthermore, Sears avers, the Fifth Circuit found it lacked jurisdiction and dismissed the matter without reviewing the appeal of the district court's decision to permit joining a party that would destroy diversity, after finding that the decision permitting amendment did not satisfy the collateral order doctrine, and thus was not reviewable on appeal.[30]

Sears argues that this case also varies from what it calls the "inequitable doctrine" set forth in *Cobb v. Delta Exports, Inc.*, which held that post-removal joinder of non-diverse defendants destroys diversity for jurisdictional purposes and requires remand, even when the newly joined

---

[26] *Id.* (citing *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470 (5th Cir. 2001)).

[27] *Id.* at p. 6.

[28] *Id.*

[29] *Id.*

[30] *Id.*

defendants are not indispensable.[31] Sears claims that courts have criticized the *Cobb* doctrine in recent years for significantly impairing a diverse defendant's ability to litigate in a federal forum.[32] Thus, Sears alleges, a federal district court in Texas held that 28 U.S.C. § 1447(e) calls for discretion to permit or deny joinder, even when a party may otherwise amend as a matter of course.[33] Generally, Sears contends, a party must satisfy the standards of 28 U.S.C. § 1447(e) in order to join a non-diverse defendant post-removal, and may not achieve the result through the liberal amendment provisions of Federal Rule of Civil Procedure 15(a).[34] Moreover, Sears alleges, *Cobb* dealt with the addition of a defendant under Federal Rule of Civil Procedure 19 rather than the identification and subsequent addition of a "John Doe" defendant, whereas Hartley is not an indispensable party.[35]

Sears reiterates that 28 U.S.C. § 1441(b)(1) requires ignoring fictitious defendants for the purposes of determining diversity of citizenship.[36] Moreover, Sears contends, it has not been established that Hartley remains a Louisiana resident, as Plaintiffs have not supplied the Court with any proof that he is still domiciled within the state, and Sears is unaware of his current residence as he is no longer employed with the company.[37]

## B.    Plaintiffs' Arguments in Support of Remand

In response, Plaintiffs contend that Sears' assertion that jurisdiction is fixed at the time of

---

[31] *Id.* at p. 10 (citing *Cobb v. Delta Exports*, 186 F.3d 675 (5th Cir. 1999)).

[32] *Id.*

[33] *Id.* (citing *Boyce v. CitiMortgage, Inc.*, 992 F. Supp. 2d 709, 715–16 (W.D. Tex. 2014)).

[34] *Id.* (citing *Boyce*, 992 F. Supp. 2d at 715–16).

[35] *Id.* at p. 11.

[36] *Id.* at p. 12.

[37] *Id.*

removal is only partially correct.[38] According to Plaintiffs, remand after removal is generally controlled by 28 U.S.C. § 1447(c), which states that: "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs."[39] Plaintiffs contend that, although jurisdiction is determined at the time of removal for purposes of analysis under 28 U.S.C. § 1447(c), the Fifth Circuit has held that courts may nevertheless consider post-removal developments.[40] Specifically, Plaintiffs argue, the post-removal addition of a non-diverse defendant will destroy diversity jurisdiction, regardless of whether the party is dispensable or indispensable.[41]

Plaintiffs contend that although Sears argues that the citizenship of defendants sued under fictitious names should be disregarded pursuant to 28 U.S.C. § 1441(a), this Court has considered an exception to the rule when "plaintiffs' allegations give a definite clue about the identity of a fictitious defendant by specifically referring to an individual who acted as a company's agent."[42] According to Plaintiffs, in *Fin & Feather Chalets, LLC v. Southern Energy Homes, Inc.*, this Court decided not to remand a case where, at the time of filing the motion to remand, plaintiffs still had not determined the identity of the fictitious corporate defendants, and had not pointed to any formal interrogatory or other request to ascertain the identity of the fictitious defendant.[43] The instant case

---

[38] Rec. Doc. 21 at p. 1.

[39] *Id.* (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987)).

[40] *Id.*

[41] *Id.*

[42] *Id.* at p. 2 (citing *Fin & Feather Chalets, LLC v. S. Energy Homes, Inc.*, 2014 WL 2506498 (E.D. La. 2014) (quoting *Tompkins v. Lowe's Home Ctr., Inc.*, 847 F. Supp. 462, 464 (E.D. La. 1994))).

[43] *Id.* at p. 3.

is distinguishable, Plaintiffs assert, because Sears was in a position to know which individual installed tires on Patricia Herrero's vehicle on June 30, 2014, and Plaintiffs submitted both formal interrogatories and an informal request for the identity of that technician.[44] Plaintiffs claim that they then filed a motion for leave to amend the complaint to substitute Hartley for the John Doe defendant on September 28, 2015, just six days after Sears disclosed his identity.[45]

Plaintiffs challenge Sears' characterization of *Cobb v. Delta Experts, Inc.*, arguing that although Sears claimed that other courts have criticized the decision as "inequitable," it did not cite any cases setting forth such alleged criticisms.[46] Plaintiffs claim that Sears misleadingly implied that the Western District of Texas in *Boyce v. CitiMortgage, Inc.* criticized the Fifth Circuit decision in *Cobb*.[47] Plaintiffs claim that at issue in *Boyce* was a situation not addressed in *Cobb*: where Federal Rule of Civil Procedure 15(a), which allows for amendment "as a matter of course" if made within 21 days of service of a Rule 12(b) motion, conflicts with the provisions of 28 U.S.C. § 1447(e) providing courts with discretion to grant leave to amend where the amendment would destroy the court's subject matter jurisdiction.[48] There, Plaintiffs aver, the Texas court held that 28 U.S.C. § 1447(e) took precedence and followed the Fifth Circuit's ruling on the addition of non-diverse parties as established in *Hensgens v. Deere & Co.*, *Cobb*, and *Doleac ex rel. Doleac*.[49] Plaintiffs

---

[44] *Id.*

[45] *Id.*

[46] *Id.* at p. 4.

[47] *Id.* (citing *Boyce v. CitiMortgage, Inc.*, 992 F. Supp. 2d 709, 715 (W.D. Tex. 2014)).

[48] *Id.* at pp. 4–5.

[49] *Id.* at p. 5.

contend that those unique circumstances, however, are not present here.[50] Plaintiffs argue that the Fifth Circuit has not overruled or abridged the holding in *Cobb*, and that, in fact, it followed the ruling two years later in *Doleac ex rel. Doleac v. Michalson*.[51]

### III. Law and Analysis

**A.    Legal Standard for Remand**

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[52] A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[53] The removing party bears the burden of demonstrating that federal jurisdiction exists.[54] Subject matter jurisdiction is fixed at the time of removal, and cannot be eliminated by events that occur after removal.[55] A portion of the removal statute, 28 U.S.C. § 1441(b), states that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that

---

[50] *Id.*

[51] *Id.* (citing *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 474 (5th Cir. 2001)).

[52] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[53] 28 U.S.C. § 1332(a)(1).

[54] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[55] *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.").

"removal statute[s] should be strictly construed in favor of remand."[56] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[57] Moreover, 28 U.S.C. § 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

## C.   Analysis

As noted above, a federal court may exercise subject matter jurisdiction pursuant to diversity of citizenship over an action only "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[58] Moreover, "[c]omplete diversity of citizenship is a statutorily mandated rule that is almost as old as the Republic itself."[59] It follows that if the parties are not completely diverse, and there is no other basis of jurisdiction, the Court may not exercise subject matter jurisdiction over a proceeding.

The Court asked Sears to distinguish, if possible, *Doleac ex rel Doleac v. Michalson*, a Fifth Circuit case holding that the removal statute's prohibition against considering John Doe defendants for diversity purposes applied only to "John Doe defendants as such, not to subsequently named parties identifying one of those fictitious defendants."[60] In response, Sears argues that *Doleac* provides that district courts have discretion to consider post-removal changes in parties, and that the

---

[56] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[57] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[58] 28 U.S.C. § 1332(a)(1).

[59] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1180 (5th Cir. 1987)

[60] *Doleac*, 264 F.3d at 477.

*Doleac* court's decision to do so is distinguishable because the plaintiffs in that case "put forth reasonable discovery efforts while also amending their complaint to name the 'John Doe' defendants without filing a motion for leave."[61] However, Sears also admits that the Fifth Circuit found it lacked jurisdiction even to review the district court's decision to allow the parties to add or substitute a John Doe defendant.[62] Thus, Sears appears to concede that, under *Doleac*, once this Court has granted Plaintiffs' motion to amend, diversity is destroyed and the case must be remanded to state court.

The Court also asked Sears to distinguish *Cobb v. Delta Exports, Inc.*, where the Fifth Circuit held that post-removal joinder of non-diverse defendants pursuant to Federal Rule of Civil Procedure 19 "destroys diversity for jurisdictional purposes and requires remand, even when the newly joined defendants are not indispensable."[63] Sears argues that this case varies from the "inequitable" doctrine set forth in *Cobb* and claims that courts have criticized the *Cobb* doctrine in recent years for significantly impairing a diverse defendants' ability to litigate in a federal forum.[64] Sears cites a decision from the Western District of Texas as evidence that 28 U.S.C. § 1447(e) calls for discretion to permit or deny joinder, even when a party may otherwise amend as a matter of course.[65] Moreover, Sears alleges, *Cobb* dealt with the addition of a defendant under Federal Rule of Civil Procedure 19 rather than the identification and subsequent addition of a "John Doe" defendant, whereas Hartley is not an indispensable party.[66] These arguments, however, do not speak to whether

---

[61] Rec. Doc. 20 at p. 6.

[62] *Id.* (citing *Doleac*, 264 F.3d at 493).

[63] *Cobb v. Delta Exports, Inc.* 186 F.3d 675, 677 (5th Cir. 1999).

[64] Rec. Doc. 20 at p. 10.

[65] *Id.* (citing *Boyce v. CitiMortgage, Inc.*, 992 F. Supp. 2d 709, 715–16 (W.D. Tex. 2014)).

[66] *Id.* at p. 11.

the Court may retain jurisdiction once a named party is substituted for a John Doe defendant, which the Court has already allowed. Sears' arguments amount largely to a request for the Court not to allow Plaintiffs to amend their complaint, but do not persuade the Court that, once such an amendment is made, the Court may retain jurisdiction over a case that does not meet the complete diversity requirement of 28 U.S.C. § 1332. Indeed, Sears quotes 28 U.S.C. § 1447(e), which provides that: "If after removal the Plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[67] The language of 28 U.S.C. § 1447(e) makes clear that the Court has only one choice to make: whether or not to allow amendment. Once the amendment has been permitted, however, the action must be remanded to state court.

*Doleac* held that, regardless of whether a non-diverse party is joined after removal under Federal Rule of Civil Procedure 19 or substituted for a John Doe under Rule 15, once the party is properly present in the action, diversity is destroyed and subject matter jurisdiction is extinguished.[68] There, the Fifth Circuit held that once a "John Doe" is properly identified, the language of § 1441(b), which prohibits courts from considering the citizenship of fictitious defendants when assessing a request to remove a case , "applies only to John Doe defendants as such, not to subsequently named parties identifying one of those fictitious defendants."[69] The Fifth Circuit was unequivocal: "§ 1447(e) . . . direct[s] remand if the district court permits joinder of a defendant

---

[67] *Id.* at p. 5.

[68] *See Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 475 (5th Cir. 2001).

[69] *Id.* at 477.

12

whose citizenship destroys subject matter jurisdiction."[70] Therefore, once the Court has granted Plaintiffs' motion for leave to amend their complaint, Hartley, who is alleged to be domiciled in Louisiana, destroys diversity and the Court must remand the case to state court.

Sears alleges briefly that it is "not even established that Mr. Hartley remains a Louisiana resident," and argues that Plaintiffs have not supplied the Court with any proof that Hartley is still domiciled in the state.[71] "When jurisdiction depends on citizenship, citizenship must be '*distinctly* and *affirmatively* alleged.'"[72] This Court requires "clear, distinct, and precise affirmative jurisdictional allegations"[73]—which plaintiffs have provided by alleging in their amended complaint that Hartley is domiciled in Jefferson Parish, Louisiana.[74] Moreover, the burden of persuasion is "quite naturally and universally acknowledged to be on the party asserting the court's subject matter jurisdiction, typically . . . the defendant in actions removed from state courts."[75] Thus, if Sears seeks to allege that Hartley is no longer domiciled in Louisiana and therefore complete diversity exists, Sears, not Plaintiffs, bears the burden of persuasion, and must convince this Court by more than the mere allegation that Hartley's domicile *may* have changed. Sears has not done so here.

## IV. Conclusion

---

[70] *Id.*

[71] Rec. Doc. 20 at p. 12.

[72] *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (quoting *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)).

[73] *Id.*

[74] Rec. Doc. 18-7 at p. 2.

[75] 13E Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3602.1 (3d ed.) (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)).

For the reasons discussed above, the Court finds that, because it has granted Plaintiffs' motion to amend their complaint to substitute a non-diverse party for the initially named "John Doe," it must remand the case to state court. Therefore, the Court need not rule on Sears' original arguments, in their Notice of Removal, regarding whether to dismiss defendant Achee as improperly joined, as Hartley nevertheless destroys diversity.[76] In light of the substitution of Hartley, an alleged Louisiana resident, for the "John Doe" named in Plaintiffs' complaint, diversity jurisdiction is destroyed and the case must be remanded.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to remand the proceedings to state court is **GRANTED.**

**NEW ORLEANS, LOUISIANA**, this <u>20th</u> day of October, 2015.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[76] *See* Rec. Doc. 1 at p. 4.

14